UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FREDDA LEVARIO,
    Plaintiff,

v.                                Cause No.    **3:20-cv-309**

AT&T CORP.,
    Defendant.

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE COURT:

    Plaintiff FREDDA LEVARIO ("Plaintiff" or "Employee Watkins"), files this Original Complaint complaining of AT&T CORP. ("Defendant" or "Employer AT&T"), and respectfully shows as follows:

## I. PARTIES

1. Plaintiff, FREDDA LEVARIO, is an individual residing in Ector County, Texas.

2. Defendant, AT&T CORP., is a foreign for-profit corporation which may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or wherever it may be found.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

4. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.

## III. CHRONOLOGY OF FACTS

5. Employers MUST prevent disability discrimination against employees to protect employees from financial injuries and emotional trauma.

6. When not an undue burden, employers MUST provide reasonable accommodations to the known disabilities of employees to protect employees from financial injuries and emotional trauma.

7. Employers MUST prevent retaliatory job terminations against employees who file EEOC Charges of Discrimination and engage in protected activity to protect employees from financial injuries and emotional trauma.

8. AT&T CORP. is an employer.

9. Employer AT&T is an employer which MUST prevent disability discrimination against employees to protect employees from financial injuries and emotional trauma.

10. When not an undue burden, Employer AT&T is an employer which MUST provide reasonable accommodations for the known disabilities of its employees to protect employees from financial injuries and emotional trauma.

11. Employer AT&T is an employer which MUST prevent retaliatory job terminations against employees who file EEOC Charges of Discrimination and engage in protected conduct to protect employees from financial injuries and emotional trauma.

12. In or about 2002, Employer AT&T hires Employee.

13. In 2013, Employer AT&T employs the Employee as a Second Level Manager.

14. On August 16, 2013, Employer AT&T receives notice the Employee suffers an on the job slip and fall.

15. On or about August 16, 2013, Employer AT&T receives notice the Employee suffers from a dislocated kneecap which requires surgery to correct.

16. From October 2, 2013 through December 5, 2013, Employer AT&T is aware the Employee takes disability leave for knee surgery to correct the dislocated kneecap, as well as six (6) nerve

block injections for bulging discs in the Employee's back resulting from the Employee's fall and walking on crutches.

17. On December 9, 2013, Employer AT&T Supervisor Todd Newman receives the Employee's request for a reasonable accommodation for medical restrictions from the Employee's medical provider -- no prolonged sitting or standing, being allowed to walk every fifteen (15) minutes, and short periods of intermittent medical leave to attend physical therapy sessions.

18. Beginning December 12, 2013, Employer AT&T Supervisor Newman interferes with the Employee's intermittent medical leave by repeatedly sending the Employee text messages, demanding to know when the Employee will return to the office, when Supervisor Newman knows the Employee is attending physical therapy.

19. Beginning December 12, 2013, Employer AT&T Supervisor Todd Newman and Director Bryan Rae repeatedly send the Employee instant messages demanding the Employee inform them of when the Employee reports to work in the morning. However, Employer AT&T Supervisor Newman and Director Rae do not require other employees of Employer AT&T to report when they arrive to work in the morning.

20. On December 12, 2013, Employer AT&T Supervisor Todd Newman requires the Employee to request any time off via a telephone conference with Director Rae and follow the conference call up with a separate email request. However, Employer AT&T Supervisor Newman does not require any other employee of Employer AT&T to follow this policy.

21. On December 17, 2013, Employer AT&T Supervisor Todd Newman, Director Bryan Rae, and Manager Beverly Trimble tell the Employee that Employer AT&T will garnish the Employee's wages for the time the Employee attends physical therapy.

22. On December 17, 2013, Employer AT&T instructs the Employee to stop working on her previous assignments, and reassigns the Employee to two (2) new projects -- Language Line and Telephone Reconciliation -- knowing the Employee has never handled these projects before and does not have experience with them.

23. On December 18 and 20, 2013, Employer AT&T receives the Employee's complaints about the wage garnishments.

24. In December 2013, Employer AT&T Manager Beverly Trimble tells the Employee that Employer AT&T will not provide a reasonable accommodation to the Employee, and will not allow the Employee time off to attend physical therapy appointments.

25. On or about January 10, 2014, Employer AT&T receives notice the Employee files a Charge of Discrimination with the EEOC regarding Employer AT&T's disability discrimination and retaliation against the Employee.

26. On January 15, 2014, Employer AT&T receives the Employee's complaint regarding Employer AT&T's disability discrimination and retaliation against the Employee.

27. From January 20, 2014 through April 30, 2014, Employer AT&T is aware the Employee takes disability leave, as the Employee undergoes surgery.

28. On May 1, 2014, Employer AT&T is aware the Employee returns to work walking with crutches.

29. On May 1, 2014, Employer AT&T receives the Employee's request for a reasonable accommodation for medical restrictions from the Employee's medical provider -- no prolonged sitting, and short periods of intermittent medical leave to attend physical therapy sessions.

30. On May 13, 2014, Employer AT&T Supervisor Todd Newman gives the Employee an unsatisfactory "Does Not Meet" rating on the Employee's End of Year Appraisal, based on (a) Employer AT&T's decision to reassign the Employee to two (2) new projects which the Employee has never handled and does not have experience, (b) Employer AT&T's decision to hold the Employee to the same performance standard of an employee who did not take disability leave, while knowing the Employee was on disability leave from October 2, 2013 through December 5, 2013 and January 20, 2014 through April 30, 2014, and (c) falsely accusing the Employee of not handling a "Sales Dispute" project when Employer AT&T never assigned the Employee to a "Sales Dispute" project.
31. On May 13, 2014, Employer AT&T Supervisor Todd Newman places the Employee on a Corrective Action Plan.
32. On or about May 13, 2014, Employer AT&T denies the Employee an annual raise.
33. On May 15, 2014, Employer AT&T Supervisor Todd Newman and Director Bryan Rae tell the Employee that Employer AT&T will not provide the Employee with a reasonable accommodation to avoid prolonged sitting.
34. On May 15, 2014, Employer AT&T Supervisor Todd Newman and Director Bryan Rae tell the Employee that Employer AT&T will not provide the Employee with a reasonable accommodation to allow the Employee time off to attend physical therapy appointments, Employer AT&T cannot allow the Employee to work any less than eight (8) hours a day, and if the Employee needs a reasonable accommodation then Employer AT&T will require the Employee to go on disability leave, and not allow the Employee to return to work until she receives a 100% release to work without any medical restrictions.

35. Employer AT&T's refusal to allow the Employee to attend physical therapy causes the Employee's leg to be kept in a straight leg brace for a longer period of time, which causes the muscles in the Employee's foot to atrophy.

36. On May 20, 2014, Employer AT&T Supervisor Todd Newman and Director Bryan Rae tell the Employee that Employer AT&T will not provide the Employee with a reasonable accommodation until the Employee can work full-time, no less than eight (8) hours a day, without any time off to attend physical therapy sessions, and until the Employee receives a 100% release to work without any medical restrictions.

37. On May 20, 2014, Employer AT&T receives notice from the Employee that she needs to attend physical therapy to avoid blood clots, and the Employee's back cannot improve without physical therapy.

38. On August 5, 2014, Employer AT&T receives the Employee's request for a reasonable accommodation for medical restrictions from the Employee's medical provider -- no prolonged sitting, and short periods of intermittent medical leave to attend physical therapy sessions.

39. On August 13, 2014, Employer AT&T Supervisor Todd Newman and Director Bryan Rae tell the Employee that Employer AT&T will not provide the Employee with a reasonable accommodation to allow the Employee time off to attend physical therapy appointments.

40. On August 13, 2014, Employer AT&T Supervisor Todd Newman and Director Bryan Rae require the Employee to give them twenty-four (24) hours notice before requesting any time off, in addition to a separate telephone conference with Supervisor Newman and Director Rae. However, Employer AT&T Supervisor Newman and Director Rae do not require any other employee of Employer AT&T to follow this policy.

41. On August 13, 2014, Employer AT&T receives the Employee's complaint regarding Employer AT&T's disability discrimination and retaliation against the Employee.

42. On August 14, 2014, Employer AT&T Supervisor Todd Newman places the Employee on an indefinite Corrective Action Plan.

43. On or about October 5, 2014, Employer AT&T receives notice the Employee files a Charge of Discrimination with the EEOC regarding Employer AT&T's disability discrimination and retaliation against the Employee.

44. From June 12, 2015 through October 6, 2015, Employer AT&T is aware the Employee is on disability leave, and the Employee undergoes surgery to perform a tendon release on the Employee's foot.

45. On October 20, 2015, Employer AT&T tells the Employee that Employer AT&T will transfer the Employee to a new facility with a commute of over fifty (50) miles per day.

46. On December 10, 2015, Employer AT&T transfers the Employee to the new facility where Employer AT&T assigns the Employee to work by herself, and denies the Employee access to the bathroom, break room, or building entry. Employer AT&T Supervisor Todd Newman requires the Employee to go to the other side of the building and ask someone else if the Employee can use their badge every time the Employee needs to use the bathroom.

47. From December 11, 2015 through December 16, 2015, Employer AT&T is aware the Employee is out of the office to surgically remove her IVC filter after developing blood clots.

48. On February 1, 2016, Employer AT&T gives the Employee a "Fully Meets" rating for 2015.

49. On February 5, 2016, Employer AT&T tells the Employee that Employer AT&T will terminate the Employee's employment in ninety (90) days.

50. Between February 5, 2016 and April 5, 2016, Employer AT&T receives the Employee's applications for several positions within Employer AT&T, but Employer AT&T refuses to hire the Employee for any of the positions.

51. On April 5, 2016, Employer AT&T terminates the Employee.

## IV. CAUSES OF ACTION:

### *A. Disability Discrimination and Retaliation*

52. Plaintiff was discriminated, retaliated against, and fired in violation of the Americans with Disabilities Act (ADA), and the Americans with Disabilities Act Amendments Act (ADAAA), which protect disabled employees from discrimination and retaliation.

### *B. Refusal to Provide a Reasonable Accommodation*

53. Defendant committed unlawful acts when it repeatedly refused to provide a reasonable accommodation to Plaintiff's disabilities, and instead penalized Plaintiff for being disabled and for being on leave due to her disability.

## V. NOTICE OF RIGHT TO SUE

54. Attached as Exhibit A is the Notice of Right to Sue from the Equal Employment Opportunity Commission.

## VI. DAMAGES

55. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits, employment opportunities, lost income; loss of earning capacity; mental anguish; emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## VII. JURY DEMAND

56. Plaintiff demands a jury trial.

## VIII. ATTORNEYS' FEES AND COSTS

57. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the ADA, and ADAAA, including any applicable expert fees.

## PRAYER

Plaintiff respectfully prays that she recover from Defendant actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, reinstatement, prejudgment interest, post judgment interest, costs and such other and further relief to which she may show herself to be justly entitled, in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

SIGNED on this 10th day of December, 2020.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
915/351-7772

By: _____

**Enrique Chavez, Jr.**
State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson**
State Bar No.: 24087103
manderson@chavezlawpc.com
*Attorneys for Plaintiff*